UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2:19-cv-2589 DB P |
| Plaintiff, | |
| v. | ORDER |
| S. HAMMOUDEH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In an order filed January 21, 2020, this court screened plaintiff's complaint. (ECF No. 7.) This court found plaintiff failed to state any claims for relief under § 1983. Plaintiff was provided instructions on the legal bases for his apparent claims and given leave to file an amended complaint. Since then, plaintiff has requested, and been granted, three extensions of time to file a first amended complaint. The first amended complaint is now due August 6, 2020. (See May 8, 2020 Order (ECF No. 17).)

Now before the court is plaintiff's motion for the appointment of counsel. Plaintiff states that: (1) due to a prison quarantine, he lacks access to the law library and to library staff; (2) he is unable to conduct legal research by computer; and (3) he does not have access to his legal documents.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

1  U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

2  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

3  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

4       The test for exceptional circumstances requires the court to evaluate the plaintiff's

5  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

6  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

7  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

8  common to most prisoners, such as lack of legal education and limited law library access, do not

9  establish exceptional circumstances that would warrant a request for voluntary assistance of

10 counsel.  In the present case, this court has determined that plaintiff failed to state any cognizable

11 claims for relief  This court must therefore conclude that, at this time, plaintiff has no likelihood

12 of success on the merits and appointment of counsel is not appropriate.  This court does have

13 concern, however, about plaintiff's assertion that he does not have access to his legal materials.  If

14 plaintiff remains unable to obtain his legal materials and he can show that those legal materials

15 are necessary for him to complete a first amended complaint in this case, he should so notify the

16 court.

17      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

18 counsel (ECF No. 18) is denied without prejudice.

19 Dated:  June 8, 2020

22 DLB:9
DB/prisoner-civil rights/tayl2589.31

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE