UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>S. HAMMOUDEH, et al.,<br><br>  Defendants. | No. 2:19-cv-2589 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He challenges his 2009 validation as a member of a security threat group and the 2019 denial of his participation in a prison program. Before the court are plaintiff's first amended complaint for screening and his motion for the appointment of counsel. For the reasons set forth below, this court finds plaintiff fails to state any cognizable claims for relief against the defendants involved in the 2019 denial of program participation and recommends dismissal of those claims. This court further finds venue for plaintiff's remaining claims is most appropriate in the Northern District of California and recommends transfer of this case to that district. Because this court recommends this action be transferred, it does not address plaintiff's motion for the appointment of counsel.

**BACKGROUND**

Plaintiff is currently incarcerated at the California Health Care Facility ("CHCF"). In his original complaint, plaintiff alleged that defendants at CHCF denied him the right to participate in

1

a garden lecture series because he has been validated as a Black Guerilla Family ("BGF") gang member. On screening, this court found plaintiff failed to state any claims for relief cognizable under § 1983. (ECF No. 7.) Plaintiff was given the opportunity to amend his complaint.

On July 30, plaintiff filed a motion for the appointment of counsel. (ECF No. 20.) On August 6, plaintiff filed a first amended complaint ("FAC"). (ECF No. 21.)

## SCREENING

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. First Amended Complaint**

Plaintiff's FAC is extensive. He identifies over forty defendants, most of whom are correctional officers and prison officials at San Quentin State Prison ("San Quentin"). (ECF No. 21 at 1-3, 16-23.) The primary focus of his complaint are challenges to his 2009 validation as a member of the security threat group ("STG") known as the BGF. (Id. at 6-24.) That validation occurred when he was incarcerated at San Quentin. He also challenges a resulting placement in segregated housing at Pelican Bay State Prison ("Pelican Bay").

Plaintiff includes the claim alleged in his original complaint – that in January 2019, officials at CHCF denied him the right to participate in a garden lecture series that, according to plaintiff, would have provided him credits toward an earlier parole release date. (ECF No. 21 at 23.) He argues that the CHCF defendants responsible for denying him that participation are liable

////

for a "continual" violation of his due process rights based on the wrongful 2009 STG validation. (Id.)

Plaintiff also makes very brief arguments that: (1) all defendants acted in retaliation for plaintiff's filing of grievances and for plaintiff's mother's successful lawsuit after she fell at San Quentin (ECF No. 21 at 25); (2) all defendants violated plaintiff's First Amendment right to petition the government (id. at 27); and (3) all defendants acted with "deliberate indifference" to plaintiff's rights (id. at 29).

**II. Does Plaintiff State Claims Cognizable Under § 1983?**

**A. Claims Regarding Conduct at CHCF**

Plaintiff's sole allegation against the four defendants from CHCF[1] is that they denied his request to participate in a garden lecture program because he is a validated STG member. Plaintiff argues that these defendants should have rejected the STG validation and permitted him to participate in the lecture series. However, as was true in plaintiff's prior complaint, plaintiff does not allege facts showing that a denial of a request to participate in the program based on STG status was not legitimate or that any of these defendants bear any responsibility for plaintiff's validation. The basis for plaintiff's claim is his contention that the 2009 STG validation was wrongful. Plaintiff fails to show any relationship between the events in 2009, or any subsequent proceedings regarding plaintiff's STG status, and the CHCF defendants.

Plaintiff fails to state any other claims against these defendants. Plaintiff summarily states that they denied him participation in the program in retaliation for his filing of grievances against them. However, plaintiff does not describe any of these grievances or show any reason to think the defendants were motivated by any grievances. Plaintiff also fails to allege any facts to support claims that these defendants violated plaintiff's right of access to the courts or were deliberately indifferent to plaintiff's rights in some way.

Prisoners do not have a constitutional right to access educational and rehabilitation programs in prison. Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (depriving prisoner of

---

[1] These defendants are (1) Correctional Sergeant S. Hammoudeh; (2) Correctional Captain Michael Romero; (3) Warden Laura Eldridge; and (4) Third Level Appeals Examiner H. Liu.

3

rehabilitation and educational programs does not violate Eighth Amendment); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985) (absence of property interest in educational program in prison precluded Fourteenth Amendment claim).  Additionally, state law does not create a liberty interest in rehabilitative programs "for purposes of parole [because] ... participation is not statutorily required for parole suitability."  Eckstrom v. Beard, No. 2:16-cv-0275-KJM-AC-P, 2018 WL 6335407, at *4 (E.D. Cal. Dec. 5, 2018) (internal quotation marks omitted) (citing 15 Cal. Code Reg. § 2281 (programming is one of several factors to be considered in determining suitability for parole)), rep. and reco. adopted in relevant part, 2019 WL 479633, at *1 (E.D. Cal. Feb. 7, 2019).  This court finds that plaintiff is unable to state a constitutional claim against the CHCF defendants based on their denial of his participation in the garden lecture series.  This court will recommend that plaintiff's claims against the CHCF defendants be dismissed without leave to amend.

**B. Venue**

This court finds venue is not appropriate in the Eastern District of California for plaintiff's claims regarding his 2009 STG validation.  Pursuant to 28 U.S.C. § 1391(b) a civil action may be brought in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff's allegations regarding the 2009 STG validation involved conduct occurring at San Quentin.  Plaintiff makes a few, limited allegations that officials at the Law Enforcement Investigation Unit ("LEIU") and at the California Department of Corrections and Rehabilitation, both of which are based in Sacramento, violated his rights by failing to consider his attempts to challenge the STG validation in 2009 and 2010.  (See ECF No. 21 at 21-23.)  While plaintiff's claims against these Sacramento-based defendants make venue in the Eastern District appropriate,

4

the "substantial part of the events . . . giving rise to the claim" occurred at San Quentin, which lies in the Northern District of California.  Therefore, venue is most appropriate in that district.[2]  See 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a) (venue may be transferred "[f]or the convenience of the parties and witnesses").

Accordingly, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMEDED that:

1.  Plaintiff's claims against defendants Hammoudeh, Romero, Eldridge, and Liu be dismissed without leave to amend; and

2.  This action be transferred to the Northern District of California.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/tayl2589.FAC scrn fr

---

[2] In making this finding, this court renders no opinion on the legitimacy or timeliness of plaintiff's claims regarding his STG validation.